United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60943
Summary Calendar

JONAS ROBERT,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A47 030 318

Before GARWOOD, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Jonas Robert petitions for review of an order of the Board of
Immigration Appeals ("BIA") summarily affirming the immigration
judge's ("IJ's") decision to deny his application for asylum,
withholding of removal, and relief under the Convention Against
Torture ("CAT").

Before the IJ, Robert, who was then represented by counsel,

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admitted the truth of the charges in the notice to appear (NTA) and conceded his removability.  He filed an application for asylum or withholding of removal, asserting that he feared being subjected to torture in his home country on return thereto, which was explained only by the statement that "enclosed are documented articles detailing how deportees are treated in Haiti."  These articles describe a policy of the Haitian government to detain in prison for periods averaging one or two months returning criminal deportees and the deplorable conditions of such prisons.  Robert's asylum application answers "no" to each of the following questions:

> "2. Have your or any member of your family ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a political party, student group, labor union, religious organization, military or paramilitary group, civil patrol, guerrilla organization, ethnic group, human rights group, or the press or media?"

> "3. Have you or any member of your family ever been mistreated or threatened by the authorities of your home country or any other country or by a group or groups that are controlled by the government, or that the government of the country is unable to unwilling to control?"

Robert's testimony reflects that he was 23 years old at the time of the hearing and had been born and lived in Haiti until he was 20, when he came to the United States, and that when he lived in Haiti neither he nor his mother or father had any trouble with the government.  He was unaware of the policy of the Haitian government towards returning deportees until after he came to the United

2

States when he learned of it by word of mouth and reading.

Robert argues that his Massachusetts conviction for malicious damage to property did not involve a crime of moral turpitude, thus he is not removable under 8 U.S.C. § 1227(a)(2)(A)(i)(2000). He also argues that the IJ erroneously determined that he failed to show membership in a cognizable social group, *i.e.* Haitian criminal deportees who are automatically imprisoned upon arrival in Haiti. He argues that he showed fear of future persecution by the Haitian government because of the deplorable prison conditions which, he argues, constitute torture under the CAT.

When, as in this case, the BIA summarily affirms an order of an Immigration Judge, the underlying order is subject to appellate review as the "final agency decision" of Immigration and Customs Enforcement (formerly the Immigration and Naturalization Service). *Soadjede v. Ashcroft*, 324 F.3d 830, 831-32 (5th Cir. 2003). A final agency decision must be affirmed "if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings." *Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). Conclusions of law by the BIA with respect to the construction of the INA and its regulations are afforded *Chevron* deference. *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424-25 (1999) (citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984)).

After reviewing the record and the briefs, we conclude that the decision is supported by substantial evidence and that the evidence in the record does not compel a conclusion contrary to that reached by the IJ and BIA. *See Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996); *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

Robert's argument that malicious damage to property is not a crime involving moral turpitude was not raised before the IJ or the BIA. This court therefore lacks jurisdiction to consider it. 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). The same is true of Robert's argument, not raised before either the IJ or the BIA, that his fear of persecution is based on his membership in a particular social group, i.e., Haitian deportees. 8 U.S.C. § 1252(d)(1); *Wang*, 260 F.3d at 452-53. An applicant for asylum under the INA must establish persecution or a well-founded fear of persecution "on account of race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1101(a)(42)(A). The same is likewise true for withholding of deportation under the INA. 8 U.S.C. § 1231(b)(3)(A).

Accordingly, Robert has not properly preserved, and we must reject, his challenge to the denial of his application for asylum and/or withholding of deportation under the INA. And, in any

4

event, there was substantial evidence to support such denial. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1. (1992).

Roberts primarily seeks the protection of CAT on the ground that Haiti's treatment of involuntarily repatriated criminals is akin to torture. He maintains that upon being deported to Haiti he will be detained for some indefinite period in that country's notorious prison system as part of an official policy designed to frighten returning criminals into obeying Haitian law. He argues that the condition of these prisons is so abominable that simply being incarcerated in one is a form of torture prohibited by CAT.

Claims for relief under the CAT do not require that the prospective torture be inflicted on any one or more of the grounds specified in 8 U.S.C. §§ 1101(a)(42)(A) and 1231(b)(4)(A).

Robert's claim is foreclosed by *Matter of J-E-,* 23 I. & N. Dec. 291, 296 (BIA 2002). In *Matter of J-E-*, an *en banc* panel of the BIA, considering substantially similar facts, held that Haiti's practice of detaining criminal deportees in its backward prison system does not constitute torture under CAT. Petitioner makes no effort to distinguish *Matter of J-E-*. Instead, he argues that it was wrongly decided and should not be followed by this court. Petitioner, however, simply attacks *Matter of J-E-* on questions of law and regulatory interpretation that were squarely addressed by the BIA sitting *en banc*. Under the principle of *Chevron* deference,

5

this court must respect those determinations.[1]  *Wang*, 260 F.3d at 451 ("We will give the agency's interpretation of its own rules controlling weight unless it is plainly erroneous or inconsistent with the regulation") (citation and internal quotation marks omitted).  Moreover, the evidence before the IJ supports the IJ's finding that the practices and prison conditions imposed on returning criminal deportees are not violative of the CAT and Robert has presented nothing to compel a contrary finding.

Robert's petition for review is

DENIED.

---

[1]  The court notes that the facts alleged by Petitioner do not implicate the issue addressed in *Azanor v. Ashcroft*, 364 F.3d 1013, 1019-20 (9th Cir. 2004), in which the Ninth Circuit held that one specific aspect of the *Matter of J-E-* decision was erroneous.