# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 18, 2012

No. 11-60245
Summary Calendar

Lyle W. Cayce
Clerk

SHUFANG LI, also known as Shu Fang Li,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 449 955

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Shufang Li, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying her applications for asylum, the withholding of removal, and protection under the Convention Against Torture (CAT).  The BIA originally issued its decision in 2008; however the BIA granted Li's motion to reopen and reissued the decision in 2011.

We review the BIA's interpretation of statutory and regulatory provisions concerning a petitioner's eligibility for relief from removal de novo.  *Demiraj v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Holder*, 631 F.3d 194, 197 (5th Cir.), *petition for cert. filed* (June 20, 2011) (No. 10-1545).   To reverse the BIA's decision, the petitioner must show that the record reveals "compelling evidence" that the interpretation is incorrect.  *Id.*  The BIA's underlying factual findings are reviewed for "substantial evidence" which requires only that the findings "be supported by record evidence and be substantially reasonable."  *Id.* (internal quotation marks and citation omitted). Where, as here, the BIA's decision depended in large part on the findings of the IJ, we review those findings under the same standard to the extent such findings influenced or were relied on by the BIA.  *Id.*

The Attorney General may grant asylum to refugees, *see* 8 U.S.C. § 1158(a); a refugee is a person who is outside of her country and is unable or unwilling to return "'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'"  *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994) (quoting 8 U.S.C. § 1101(a)(42)(A)).  Refugee status may be established by demonstrating either past persecution or a well-founded fear of future persecution.  8 C.F.R. § 208.13(b).  Past persecution must have been inflicted by the government or forces that the government is unable or unwilling to control and must have a nexus to a statutorily enumerated ground  *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).  A well founded fear of future persecution requires a showing that "a reasonable person in the same circumstances would fear persecution if deported."  *Id.*

Persecution is "'infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive (e.g., race, religion, political opinion, etc.), in a manner condemned by civilized governments.'"  *Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996) (citation omitted). "[T]here must be some particularized connection between the feared persecution and the alien's race, religion, nationality, [membership in a particular social group, or political opinion]."  *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

The alien must provide "specific, detailed facts showing a good reason to fear that . . . she will be *singled out* for persecution." *Id.* (internal quotation marks and citation omitted).

Li argues that she "clearly qualifies as a 'refugee' on account of a protected ground." She argues that she was beaten because she disclosed corruption in a state-owned company; she contends that her political conviction that socialism does not work and encourages corruption motivated her disclosure. She further argues that although the general manager ordered the beating to threaten her as a witness, he had a "mixed motive" in that he desired "to curtail different voices" in the company.

The question whether an alien has demonstrated the requisite nexus between persecution and political opinion is one of fact reviewed for substantial evidence. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350-51 (5th Cir. 2002). Because Li filed her asylum application before the effective date of the REAL ID Act of 2005, she had to demonstrate only "some nexus" between the persecution and one of the five protected grounds. *See id.* at 349.; *see also Demiraj*, 631 F.3d at 198 n.5 (noting change in burden following enactment of REAL ID Act).

The record reveals no evidence that the general manager was aware of Li's political opinion on socialism, or that he targeted Li on account of that opinion. Rather, the record discloses that Li was targeted after she exposed irregular accounting issues within her office, not after she voiced any particular political opinion. Moreover, Li's assertion that the manager sought to "curtail different voices" does not suggest that the manager's conduct was based on a political motive. Li has not shown that the BIA's determination that there existed no nexus between the 2000 beating and her political opinion is not supported by substantial evidence.

Li also argues that her mistreatment by the police after a 2004 demonstration amounted to persecution. Persecution "does not encompass all treatment that our society regards as unfair, unjust or even unlawful or

unconstitutional." *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (internal quotation marks and citation omitted). To qualify for asylum, the persecution must be extreme. *Id.*

The mistreatment described by Li did not result in any permanent injury, hospitalization, or significant detention. Although the policemen's actions may constitute intimidation and harassment, they do not rise to the level of the extreme conduct necessary to compel a finding of past persecution. *See Majd*, 446 F.3d at 595; *see, e.g., Chen v. Ashcroft*, 46 F. App'x 732, 2002 WL 1973870 at *3-4 (5th Cir. Aug. 7, 2002) (citing relevant authority from other circuits and finding that Chinese government's actions of hitting, kicking, and slapping the petitioner did not rise to the level of persecution).

Li, who is proceeding pro se, asserts generally that future persecution must be presumed when past persecution has been established. Li did not establish past persecution and has cited no circumstances supporting a determination that a reasonable person in her circumstances would fear persecution if removed. *See Tesfamichael*, 469 F.3d at 113. Accordingly, the BIA's finding that Li did not demonstrate a well founded fear of future persecution will be upheld. *See Demiraj*, 631 F.3d at 197.

Li has not met the persecution standard for asylum; therefore, she cannot meet the persecution standard for withholding of removal. *See id.* at 198 n.4. We therefore reject her unsupported assertion that she can show that it is more likely than not that she would face persecution if removed to China. We also reject Li's unsupported assertion that she has met the requirements for protection under the CAT "without additional corroboration." *See* 8 C.F.R. § 208.16(c)(2) (to be entitled to relief under the CAT, an alien must demonstrate that "it is more likely than not that . . . she would be tortured if removed to the proposed country of removal.").

PETITION DENIED.