# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2013

Lyle W. Cayce
Clerk

No. 12-60456
Summary Calendar

IMTIYAS KARIMBHAI MAKNOJIYA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 579 207

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Imtiyas Karimbhai Maknojiya, a native and citizen of India, petitions this court for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal of an immigration judge's (IJ) decision to deny him asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Where, as here the BIA's decision adopts or is affected by the IJ's reasoning, we review both the decision of the IJ and BIA. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his petition for review, Maknojiya contends that he suffered past persecution and has a well-founded fear of future persecution on the basis of his religion, making him eligible for asylum, and that he is entitled to withholding of removal. Though he argued generally in the immigration court that he suffered persecution on the basis of a political opinion and membership in a social group, he does not reassert those claims in this court. Likewise, though he originally sought relief in part on the basis of the CAT, he does not press that argument in his petition for review. Accordingly, he has abandoned these issues, and we do not address them. *See Zhu v. Gonzales*, 493 F.3d 588, 593 n.10 (5th Cir. 2007).

The IJ and BIA's decisions were supported by substantial evidence and the evidence does not compel a different finding. *See id*. at 594. Maknojiya's claim for relief hinges on an incident that occurred in 2002—seven years before he came to the United States. While Maknojiya, who is Muslim, was working on his family's farm, a group of Hindu nationalists ordered him to move to Pakistan, threw him to the ground, burned two of his cars and some of his grain and feed, and threatened to kill him and harm his family if he refused to comply with their demand. The harm that befell Maknojiya in this isolated incident, however, is not so extreme as to compel a finding that he suffered persecution or will suffer persecution if returned to India. *See Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007) (explaining that persecution is "an extreme concept" and does not comprise "every sort of treatment our society regards as offensive"). Maknojiya's physical injuries were too minimal to constitute persecution. *See Abdel-Masieh v. INS*, 73 F.3d 579, 584 (5th Cir. 1996). While persecution can consist of severe economic disadvantage including the deprivation of liberty, food, housing, or employment, *Tesfamichael v. Gonzales*, 469 F.3d 109, 114 (5th Cir. 2006), the economic hardship Maknojiya suffered does not rise to the to this level given his testimony that after the attack, he and his family continued to work at the farm and profit from the farm's operations. Moreover, threats of

violence, along with evidence that the threats would be carried out may be sufficient to constitute persecution, *see Tamara-Gomez v. Gonzales*, 447 F.3d 343, 346-49 & n.8 (5th Cir.2006); however, Maknojiya and his family continued to live in the area surrounding the farm, Maknojiya worked on the farm for nearly seven years after the attack without encountering the attackers, Maknojiya's family continues to live in India without incident, and there is no suggestion that the attackers intend to carry out their threats.

Maknojiya also relies on accounts of violence against religious minorities in India to buttress his claim, but the IJ and BIA were not compelled to weigh these accounts more heavily than the observation in a State Department report that, though there have been some instances of violence on the basis of religion in India, that country's diverse religious groups generally live together peacefully.

Because substantial evidence supports the decision to deny asylum on the basis that Maknojiya did not show that he suffered past persecution or that he has a well-founded fear that he will suffer persecution in the future, Maknojiya cannot meet the higher threshold for showing a likelihood of persecution sufficient to be entitled to withholding of removal. *See Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006).

The petition for review is DENIED.