# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60162
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2014

Lyle W. Cayce
Clerk

BLANCA ROSA CONTRERAS GUARDADO, also known as Ana Rosa Contreras, also known as Blanca Rosa-Contreras,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 934 739

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Blanca Rosa Contreras Guardado, a native and citizen of Honduras, seeks review of the Board of Immigration Appeals' (BIA) affirming, without opinion, the immigration judge's (IJ) denying her application for withholding of removal. Because the BIA affirmed without opinion, we review the IJ's decision as the final agency determination. *Nakimbugwe v. Gonzales*, 475 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60162

281, 283 (5th Cir. 2007) (citation omitted).  We review the legal conclusions *de novo*; the factual findings, for substantial evidence. *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006); *e.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (applying standard in reviewing denial of withholding of removal).  Under the substantial evidence standard, findings will be upheld "unless the evidence is so compelling that no reasonable factfinder could fail to find otherwise".  *Tesfamichael*, 469 F.3d at 113 (citation omitted).

An applicant is eligible for withholding of removal if she establishes "her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion".  8 C.F.R. § 208.16(b) (withholding of removal).  An applicant who has suffered past persecution on account of one of these five characteristics enjoys a rebuttable presumption that her life or freedom would be threatened if removed.  8 C.F.R. § 208.16(b)(1)(i).  Otherwise, an applicant must establish she will more likely than not suffer persecution "on account of race, religion, nationality, *membership in a particular social group*, or political opinion upon removal".  8 C.F.R. § 208.16(b)(2) (emphasis added).  An applicant cannot establish such a threat of persecution if she could avoid persecution by relocating within the country of removal, and relocation would be reasonable.  *Id.* (Of the five alternative bases for which persecution must exist, Contreras relies on "membership in a particular social group".  Because, as discussed *infra*, the IJ's findings on persecution provide adequate grounds on which to deny relief, we need not reach whether the IJ erred in finding Contreras failed to demonstrate a cognizable social group.  *See, e.g.*, *Abbas v. Holder*, 355 F. App'x 806, 812 (5th Cir. 2009) (per curiam) (unpublished).)

Our court has defined "persecution" as "the infliction of suffering or harm", including non-physical harm such as "the deliberate imposition of

2

severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life". *Eduard v. Ashcroft*, 379 F.3d 182, 187 (5th Cir. 2004) (quoting *Abdel-Masieh v. INS*, 73 F.3d 579, 584 (5th Cir. 1996)). Nevertheless, the term "does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional. If persecution were defined that expansively, a significant percentage of the world's population would qualify for asylum in this country-and it seems most unlikely that Congress intended such a result". *Tesfamichael*, 469 F.3d at 114 (citation omitted). In other words, "[p]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive". *Eduard*, 379 F.3d at 187 n.4 (citation and internal quotation marks omitted).

Contreras asserts she suffered past persecution at the hands of a man named Chirino, with whom she lived for six years. In support of her claim, Contreras testified Chirino abused her and her children, including one incident where she reported a beating to the police and was told there were no police cars available to respond. Contreras also received a letter from Chirino, forwarded by her mother in 2007, in which Chirino threatened to kill her if she returned to Honduras. The IJ found Contreras to be generally credible but determined the harm she experienced was not so extreme as to constitute persecution. The evidence does not compel a contrary result. *See, e.g., Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) ("[W]e are not persuaded that a reasonable factfinder would be compelled to conclude to the contrary".).

The IJ also determined Contreras could avoid future threats by relocating within Honduras. Contreras failed to challenge this aspect of the decision in her brief and therefore has abandoned the issue. *See id.* In any event, the IJ's determination is supported by substantial evidence, in the form of Contreras' own testimony that, after leaving Chirino, she relocated to

another part of Honduras and worked in a factory there, without incident, for over a year.

DENIED.