# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60150

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2020

Lyle W. Cayce
Clerk

BIKRAMJIT SINGH, also known as Bikram Thapa,

Petitioner,

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of the Order of the
Board of Immigration Appeals
BIA No. A208 564 791

Before SMITH, HO, and OLDHAM, Circuit Judges.

PER CURIAM:*

Bikramjit Singh petitions for review of a Board of Immigration Appeals ("BIA") order affirming the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Singh claims his application should have been granted because he was beaten up by rival political party members in India. We deny his petition.

Singh is a Sikh. He lived in the Punjab State of India. While in India, Singh joined the Mann Party, a political party that "works for the Sikh people"

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60150

and advocates for an autonomous Sikh state of Khalistan. As a Mann Party member, Singh served food, set up chairs at events, collected funds, and put up party posters.

One day he was hanging up posters when members of the Badal Party—a political party in coalition with the governing Bharatiya Janata Party ("BJP")—told him to stop. Singh refused, so the Badal Party members beat him with a wooden stick until he lost consciousness. He was brought home, and a village doctor saw him. He had swelling in his shoulder and the back of his legs for five to six days. He took pain medication and soon recovered.

A couple of months later, Singh says he was again beaten up by Badal Party members. They demanded he leave the Mann Party and threatened to kill him if he did not stop working for the party. Singh again went to a local doctor and received pain medicine. He was not "hurt . . . that much" from this attack, and the swelling in his head and legs subsided after three to four days. Following this attack, Singh stayed with a family friend in a nearby village for forty-five to fifty days with no incident.

Singh arrived in the United States without valid documentation. The government commenced removal proceedings. Conceding his removability, Singh applied for asylum, withholding of removal, and CAT protection.

The Immigration Judge ("IJ") found Singh to be a credible witness and took Singh's testimony to be true. Even so, the IJ denied his asylum application. Although "reprehensible," the two beatings by the Badal Party members "d[id] not rise to the level of harm requisite for [past] persecution." Further, Singh could not show a well-founded fear of future persecution because his family had remained in his village with no incidents and there was no evidence that Singh could not relocate to another part of India. Because Singh fell short on his asylum claim, the IJ denied withholding of removal and

No. 19-60150

his request for CAT protection. The BIA affirmed on substantially the same grounds.

We review the BIA's order (and the IJ's to the extent it informed the BIA) for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). Under the substantial-evidence standard, we will only grant the petition for review when the record evidence "compels" a conclusion contrary to the BIA's. *Chen*, 470 F.3d at 1134 (quotation omitted). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* Our review is thus a "deferential" one: "[W]e cannot reverse the BIA simply because we disagree with the BIA's apprehension of the facts." *Silwany-Rodriguez v. I.N.S.*, 975 F.2d 1157, 1160 (5th Cir. 1992).

Asylum is discretionary relief available to "refugees." 8 U.S.C. § 1158(b)(1)(B)(i). The statute defines a "refugee" as "any person . . . who is unable or unwilling to return to . . . [his or her home] country because of persecution or a well-founded fear of persecution on account of [a protected ground]." 8 U.S.C. § 1101(a)(42)(A). Thus, to be eligible for asylum, Singh needed to prove he suffered past persecution or had a well-founded fear of future persecution. 8 C.F.R. § 208.13(b). And even if Singh had been "classified as a refugee on [that] basis," he is "not automatically entitle[d] . . . to asylum." *Chen*, 470 F.3d at 1135. Rather, the Government retains discretion to grant asylum to eligible refugees. *See id.*; 8 U.S.C. § 1252(b)(4)(D) ("[T]he Attorney General's discretionary judgment whether to grant [asylum] relief [to a refugee] shall be conclusive unless manifestly contrary to the law and an abuse of discretion.").

"Persecution" for purposes of asylum "is an extreme concept." *Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007) (quoting *Fatin v. I.N.S.*, 12 F.3d 1233, 1243 (3d Cir. 1993)). It "does not include every sort of treatment our

society regards as offensive." *Id.* Nor does persecution "encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (quotation omitted). The harm suffered by an applicant "must be *extreme* conduct to qualify for asylum protection." *Id.* (quotation omitted; emphasis added).

While we do not minimalize the harm that Singh alleged, the Board had substantial evidence to find these incidents did not rise to the "extreme" level of past persecution. Two recent decisions are persuasive. In *Singh v. Whitaker*, 751 F. App'x 565 (5th Cir. 2019) (per curiam), we assessed the asylum claim of Jashanpreet Singh, also a member of the Mann Party. *Id.* at 567. He also claimed two attacks from another political party, the BJP. In the first attack, he was slapped and threatened by three BJP members. *Id.* In the second, he was beaten by four BJP members for five or six minutes. *Id.* His injuries did not require hospitalization, he was treated with pain medication and ointment from a village doctor, and he healed in about a week. *Id.* We held that the BIA had substantial evidence to find that those two beatings were not such "extreme conduct" so as to constitute persecution. *Id.*

The Ninth Circuit reached a similar conclusion in *Gill v. Barr*, 765 F. App'x 225 (9th Cir. 2019) (per curiam). That case involved Taljinder Singh, who also was a member of the Mann Party. He also claimed that he was attacked twice by another political party, the Congress Party. The first time, the "Congress Party members stopped Singh's motorbike, pushed him, punched him, and threatened to kill him if he continued supporting the Mann Party." *Id.* at 225. The "following year he was again severely beaten and threatened by Congress Party members." *Id.* These facts did not compel a finding of past persecution either because the attacks were separated by a year and Singh "did not require significant medical attention." *Id.* at 226. The "use of force in [his]

case was not so extreme as to necessarily rise to the level of past persecution." *Id.*

Our conclusion follows from the requirements of our substantial-evidence review, *see Silwany-Rodriguez*, 975 F.2d at 1160, and the decisions in *Singh* and *Gill*. Here, as in those cases, "[t]he evidence does not *compel* the conclusion that Singh suffered mistreatment rising to the level of [past] persecution." *Singh*, 751 F. App'x at 567 (emphasis added); *see also Silwany-Rodriguez*, 975 F.2d at 1160 ("The evidence must not merely support the alien's conclusion but must compel it."). And while Singh argues that his case is different because he once lost consciousness, he points to no "permanent physical injury" or "hospitalization" that we've previously considered to be indicative of past persecution. *Majd*, 446 F.3d at 596; *Shufang Li v. Holder*, 579 F. App'x 225, 226 (5th Cir. 2012).

Next, Singh argues the BIA lacked substantial evidence in rejecting his well-founded fear of future persecution. He says the BIA should not have relied on the fact that his family still lives safely in his village. But we've previously said a family's continued presence suggests an applicant's fear of future persecution is not well-founded, especially when that fear is from a national entity such as a political party. *See Eduard,* 379 F.3d at 193 ("[O]ngoing family safety seems to be an even stronger indicator of 'unreasonable' fear when the feared persecutor has a national influence."). Here too the BIA had substantial evidence.[†]

---

[†] Singh also argues that the BIA erred by not considering the IJ's decision on internal relocation. But by affirming the IJ's conclusion that his family's continued presence in the same village in India undercut any fear Singh may have about future persecution, the BIA did not need to consider *another* ground—such as internal relocation—that also would undercut his alleged fear. *I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule . . . agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

No. 19-60150

Singh's remaining challenges to the BIA order fare no better. Singh is ineligible for humanitarian asylum because he did not meet his burden to prove past persecution. *See Alvarado-Velasquez v. Sessions*, 722 F. App'x 365, 366 (5th Cir. 2018) (citing *Shehu v. Gonzales*, 443 F.3d 435, 440 (5th Cir. 2006)). And Singh's failure to establish any asylum claim necessarily precluded withholding of removal, which requires a higher standard of proof. *See Chen*, 470 F.3d at 1138. Finally, Singh did not challenge the IJ's CAT determination in his briefing to the BIA. Thus, his claim for CAT protection is unexhausted, and we may not consider it. *Sattani v. Holder*, 749 F.3d 368, 373 n.6 (5th Cir. 2014) ("Petitioners also did not raise this issue in their brief to the BIA and thus failed to exhaust it, barring our review.").

Singh's petition for review is DENIED.