# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2020

Lyle W. Cayce
Clerk

No. 19-60308

Kamaluddin Nikpay,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A216 286 243

Before Clement, Ho, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Kamaluddin Nikpay petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") to deny Nikpay's application for asylum, humanitarian asylum, and protections under the Convention Against Torture ("CAT"). He challenges the BIA's findings, contending that he made the requisite

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60308

showings for the BIA to conclude that he would be persecuted and tortured if he returned to Afghanistan. For the following reasons, we deny the petition for review.

I.

Kamaluddin Nikpay, a native and citizen of Afghanistan, entered the United States on an A-2 visa in 2018 to participate in a Defense Language Institute ("DLI") program in San Antonio, Texas. At the time, Nikpay was a member of the Afghan Air Force. During his participation in the program, he asked another servicemember to join him in going absent without leave ("AWOL"), and the servicemember subsequently reported him to the authorities. When confronted, Nikpay refused to return to Afghanistan and stated that, if forced to return, he would "[r]un away or bring the aircraft down." Following an investigation, Nikpay was disenrolled from the DLI program—which terminated his A-2 visa—and arrested.

Shortly thereafter, he was served with a Notice to Appear, which charged him with removability.[1] Nikpay sought asylum, humanitarian asylum, withholding of removal, and CAT protection, contending that—if forced to return to Afghanistan—he feared harm by the Taliban and Afghan government. The IJ denied Nikpay's requests for relief and ordered that he be removed.

Nikpay appealed the IJ's decision to the BIA.[2] Agreeing with the IJ, the BIA determined that Nikpay failed to demonstrate that he suffered past

---

[1] The Notice to Appear is not included in the administrative record. However, the parties do not dispute—and the record reflects—that Nikpay was charged with removability.

[2] Nikpay did not appeal the IJ's decision to deny his withholding of removal claim. Although the BIA affirmed the IJ's conclusion on this issue anyway, Nikpay has not

persecution in Afghanistan or had an independent, well-founded fear of future persecution. Accordingly, it also concluded that Nikpay did not qualify for a humanitarian grant of asylum. Finally, it affirmed the IJ's finding that Nikpay failed to prove he would more likely than not be tortured "by or with the consent or acquiescence . . . of Afghan officials or other individuals acting in an official capacity upon his repatriation." Thus, the BIA dismissed Nikpay's appeal.

Nikpay then brought this petition, claiming the BIA erred in its review of the IJ's decision. We affirm and deny Nikpay's petition for review.

## II.

"Our review encompasses both 'the BIA's decision and . . . the IJ's decision to the extent that it influenced the BIA.'" *Morales v. Sessions*, 860 F.3d 812, 815 (5th Cir. 2017) (alteration in original) (quoting *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009)). Whether an alien is eligible for asylum and CAT protection is reviewed under the substantial evidence standard. *See Chen v. Gonzales*, 470 F.3d 1131, 1134–41 (5th Cir. 2006). Under the substantial evidence standard, the evidence must not only support, but must also compel, a contrary conclusion for reversal to be proper. *Id.* at 1134 (citation omitted). The burden falls on the petitioner to demonstrate the evidence is so compelling that "no reasonable factfinder could reach a contrary conclusion." *Id.* (citation omitted).

## A.

To successfully obtain asylum, an alien must demonstrate that he is a refugee, and that he has a well-founded fear of persecution based upon his

---

challenged the decision below with respect to his withholding of removal claim, and we will not address this issue.

race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1158(b). He may show the latter by proving he was a victim of past persecution or possesses a well-founded fear of future persecution. 8 C.F.R. § 208.13(b). "Past persecution entails harm inflicted on the alien on account of a statutorily enumerated ground by the government or forces that a government is unable or unwilling to control." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006) (citing 8 C.F.R. § 1208.13(b)(1)). A showing of past persecution entitles an alien to a presumption of future persecution, 8 C.F.R. § 208.16(b)(1)(i); otherwise, to demonstrate a well-founded fear of future persecution, an alien must show that "a reasonable person in the same circumstances would fear persecution if deported," *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (Clement, J.) (quoting *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994)).

"Persecution includes the infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive in a manner condemned by civilized governments." *Id.* (cleaned up). Successfully demonstrating persecution requires a showing of "specific, detailed facts." *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994) (citation omitted). Nikpay claims that he was persecuted based upon his Hazara ethnicity and Shia Imami Ismaili religion, and that he has a well-founded fear of persecution in the future based upon his (1) Hazara ethnicity; (2) Shia Imami Ismaili religion; and (3) status as an "Afghani military member who [is] perceived to have deserted the military."[3] He focuses on three examples to establish that he was persecuted in the past.

---

[3] Prior to this petition, the record also characterized "his political opposition to the Taliban and pro-Afghani government political opinion" as a basis upon which he fears persecution and torture. It does not appear that Nikpay alleges his political opposition to the Taliban as an independent ground; rather, he seems to contend that the Taliban will

Nikpay first contends that he suffered persecution when he fled to the mountains in fear of the Taliban as a child. Yet, his claim is undermined by the fact that he ultimately returned to his village, completed school, and joined the Afghan military. *See, e.g.*, *Maknojiya v. Holder*, 524 F. App'x 956, 957–58 (5th Cir. 2013) (per curiam) (holding that substantial evidence supported a finding that, where he was ordered to move to Pakistan, thrown to the ground, threatened, and his cars and grain were destroyed—the alien had not been persecuted on the basis of his religion because he and his family continued to live in the area, he worked for "nearly seven years after the attack without encountering the attackers," and his family continues to live in the nation without threats).

Second, Nikpay asserts that an instance of prior physical abuse he suffered from the Taliban, and its threats against his life, suffice to establish past persecution. However, although he was tied up, Nikpay was not hospitalized nor did this incident result in permanent injury. *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004) (holding petitioner failed to establish past persecution where he sustained cuts on his head after he had been hit in the head with a rock); *see also Li v. Holder*, 579 F. App'x 225, 226 (5th Cir. 2012) (per curiam) ("The mistreatment described by Li did not result in any permanent injury, hospitalization, or significant detention . . . . [and did] not rise to the level of the extreme conduct necessary to compel a finding of past persecution.") (citations omitted); *Abdel-Masieh v. INS*, 73 F.3d 579, 584 (5th Cir. 1996) (holding that the BIA did not err in finding that Abdel did not suffer past persecution and considering in this determination that the beatings he received were not characterized as "severe"). Furthermore, the threat he received was a single, indirect threat that

---

persecute and torture him on account of the other three bases. We will address whether Nikpay has adequately challenged the Taliban's status as a private actor, *see infra* pp. 6–7.

apparently came while he was in the United States. *See Morales*, 860 F.3d at 816 (stating that a single threat does not constitute persecution).

Finally, Nikpay's allegation that he suffered persecution while in the military is belied by the fact that he was later selected to attend the DLI training program. On none of these three bases did Nikpay present such compelling evidence that "no reasonable factfinder could reach a contrary conclusion." *Chen*, 470 F.3d at 1134 (citation omitted). The substantial evidence supports the BIA's finding that he failed to establish he suffered past persecution.

Because Nikpay did not establish that he suffered past persecution, he was not entitled to a presumption of future persecution. 8 C.F.R. § 208.16(b)(1)(i). Nikpay contends that he is at risk of being persecuted by either or both of two entities: the Taliban and the Afghan government. The substantial evidence does not support a finding for Nikpay with respect to either contention.

An asylum applicant is not required to provide evidence that there is a reasonable possibility that he would be singled out individually for persecution; he may instead show that there is a pattern or practice in his home country of persecuting similarly situated individuals. *See* 8 C.F.R. § 1208.13(b)(2)(iii). However, although Nikpay adduces evidence indicating that the Taliban has targeted Hazaras in the past, Nikpay does not show that the Taliban has a pattern or practice of persecuting Hazaras. The Afghan government's failure to suppress all violence caused by the Taliban does not support a conclusion that it is unable or unwilling to do so. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 231 (5th Cir. 2019) ("An applicant seeking to establish persecution based on violent conduct of a private actor must show more than difficulty controlling private behavior." (cleaned up)); *see also Katembo v. Barr*, 825 F. App'x 225, 226 (5th Cir. 2020) (per curiam) (applying the

"unable or unwilling" standard to whether petitioner established a credible fear of persecution). Therefore, we need not consider Nikpay's claims of persecution with respect to the Taliban.[4]

The remaining evidence—that adduced by Nikpay in support of his claim of future persecution at the hands of the Afghan government—is inapposite. He cites a report by the United Nations Assistance Mission in Afghanistan ("UNAMA"), but the majority of detainees who were interviewed in the report indicated that they were tortured to induce a confession. Nikpay has suggested no reason that the Afghan government would seek a confession of any sort during his potential imprisonment. Moreover, the UNAMA report "focused primarily on conflict-related detainees," which—as an alleged deserter—Nikpay is not. The BIA's decision that Nikpay has not demonstrated an independent, well-founded fear of future persecution and ultimate conclusion that Nikpay is ineligible for asylum are supported by substantial evidence.

Finally, Nikpay contends that the BIA fails to point to any particular facts in its opinion. But the BIA "does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002) (Clement, J.) (citation omitted). The BIA did so here.

---

[4] To the extent that Nikpay argues that the Taliban is a quasi-official group, *cf. United States v. Hamidullin*, 114 F. Supp. 3d 365, 379 (E.D. Va. 2015) (Hudson, J.) (considering the Taliban's status as a governing authority), we lack jurisdiction to entertain his claim because it was not exhausted before the BIA, *see Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010) (citations omitted).

Additionally, because Nikpay "fails to show that [he] suffered past persecution on account of a protected ground, [he] necessarily fails to show that the BIA erred in holding that [he] is not entitled to humanitarian asylum." *Alvarado-Velasquez v. Sessions*, 722 F. App'x 365, 366 (5th Cir. 2018) (per curiam); *see Singh v. Barr*, 818 F. App'x 331, 335 (5th Cir. 2020) (per curiam) (citation omitted); *see also Shehu v. Gonzales*, 443 F.3d 435, 440–41 (5th Cir. 2006) (concluding that the evidence did not compel a determination that Shehu was entitled to humanitarian asylum after finding that she failed to demonstrate she had suffered past persecution). Thus, the BIA did not abuse its discretion in denying Nikpay's request for humanitarian asylum.

B.

Pursuant to CAT, the United States may not remove an alien to a country in which he is more likely than not to be tortured. 8 C.F.R. § 1208.16(c)(4). "'Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person' by a public official, at the instigation of a public official, with the consent of a public official, or with the acquiescence of a public official." *Morales*, 860 F.3d at 818 (quoting *Roy v. Ashcroft*, 389 F.3d 132, 140 (5th Cir. 2004)).

Specifically, the BIA held that Nikpay "failed to meet his burden of proving that he *himself* will *more likely than not* face torture upon his repatriation." Nikpay's contention that he will be tortured is predicated on what he has been told about Afghan prisons. But he fails to distinguish his case from others in which courts have determined that unsatisfactory prison conditions are insufficient to warrant CAT protection. *See, e.g.*, *Robert v. Ashcroft*, 114 F. App'x 615, 617 (5th Cir. 2004) (per curiam) (relying on *In re J-E-*, 23 I. & N. 291, 296 (BIA 2002) (en banc), *overruled on other grounds by*

*Azanor v. Ashcroft*, 364 F.3d 1013 (9th Cir. 2004)). Instead, he asserts that the IJ's credibility finding is dispositive.

Nikpay is mistaken. *See, e.g.*, *Guardado v. Holder*, 553 F. App'x 459, 460 (5th Cir. 2014) (per curiam) (reviewing decisions by the BIA and IJ, in which the IJ found the appellant credible, and nonetheless determining that the evidence did not compel a contrary result). Furthermore, Nikpay conveniently omits the fact that some measure of prosecution, fine, or imprisonment by the Afghan government would constitute lawful criminal sanctions for his decision to desert the military. *Cf. Milat v. Holder*, 755 F.3d 354, 361 (5th Cir. 2014) (holding that "punishment for violation of conscription laws of general applicability does not in itself constitute 'persecution' on account of political opinion . . . ."). Thus, he fails to demonstrate that the evidence would compel a reasonable factfinder to reach a different conclusion than the BIA. Substantial evidence supports the BIA's denial of Nikpay's CAT claim.

The petition for review is DENIED.