# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60422
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2016

Lyle W. Cayce
Clerk

VAN SU TRAN,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 879 391

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:[*]

Van Su Tran, a native and citizen of Vietnam, petitions this court for review of the orders of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) denying his request for a hardship waiver pursuant to 8 U.S.C. § 1182(h)(1)(B) and denying his motion to reopen his immigration proceedings. Tran argues that the BIA failed to properly weigh the factors pertinent to the § 1182(h)(1)(B) waiver, and he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60422

insists that his removal from this country would cause an extreme hardship to his wife and children, all of whom are United States citizens.

The jurisdiction stripping provisions in 8 U.S.C. § 1252(a)(2)(B)(i) provide that "no court shall have jurisdiction to review" the Attorney General's discretionary decision to deny § 1182(h) relief. *See Cabral v. Holder*, 632 F.3d 886, 889 (5th Cir. 2011); *Martinez v. Mukasey*, 519 F.3d 532, 541 (5th Cir. 2008). We likewise lack jurisdiction to consider the BIA's refusal to reopen an order denying § 1182(h) relief. *See Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004).

We may, however, consider legal or constitutional challenges to the denial of relief under § 1182(h). § 1252(a)(2)(D); *Martinez*, 519 F.3d at 541. This principle does not provide Tran any succor because his challenges to the BIA's denials of relief raise factual questions. *See Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007). Accordingly, we lack jurisdiction to consider Tran's petitions for review, and they are DISMISSED.