# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2014

Lyle W. Cayce
Clerk

————————

No. 13-60219

————————

DILSHAD NASEEM SATTANI; NASEEM KAMRUDDIN SATTANI, also known as Merchant Asheef,

Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals

———————————————————————

Before HIGGINBOTHAM, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:

Dilshad Sattani and Naseem Sattani appeal the Board of Immigration Appeals' (the "BIA") decision denying their petition for adjustment of status, cancellation of removal, and voluntary departure. The BIA determined that Dilshad cannot adjust status under Immigration and Nationality Act (INA) § 245(i) (codified at 8 U.S.C. § 1255(i)) because she is rendered inadmissible under INA § 212(a)(6)(C)(i) (codified at 8 U.S.C. § 1182(a)(6)(C)(i)) for having entered the U.S. with falsified immigration documents. Dilshad asks this

No. 13-60219

Court to hold that eligibility to adjust status under INA § 245(i) overcomes inadmissibility under INA § 212(a)(6)(C)(i). She also asks this court to reverse the BIA's factual determinations that her United States citizen son would not suffer the extreme hardship required for cancellation of removal and that she should be granted voluntary departure, both of which this Court lacks jurisdiction to do. We DENY IN PART and DISMISS FOR LACK OF JURISDICTION IN PART.

I.

Dilshad Sattani and Naseem Sattani, a married couple who are natives and citizens of India, seek review of a March 2013 final order of the BIA that they be deported. Both were admitted to the United States in August 1992 using passports and visas bearing names other than their own.[1] They arrived with a son, Sameer, who was born in India, and have a United States citizen son, Saif, who was born after their arrival.

In 2004, the U.S. Department of Homeland Security served Dilshad and Naseem with Notices to Appear. The Notices charged Dilshad with being removable as an alien who entered the United States without inspection. They charged Naseem with being removable as an alien who entered the United States without inspection, and for his 1995 attempt to enter by fraud. Both admit that they are removable.[2]

Before the immigration judge ("IJ"), Dilshad applied to adjust status on the basis of an employment-based visa that had been approved on April 30, 2009. Naseem applied as a derivative beneficiary of that application; because he had been found inadmissible in his June 1995 reentry attempt, he also filed

---

[1] At the hearing before the immigration judge, Naseem testified that the family attempted to obtain passports and visas in their own names but were denied, and thereafter obtained the documents using false names.

[2] Dilshad would later testify that the charged basis for removability is inaccurate, as she was actually inspected and admitted, but on fraudulent documents; she does not dispute that she is, in fact, removable.

2

No. 13-60219

an application to waive that ground of inadmissibility under INA § 212(i) (codified at 8 U.S.C. § 1182(i)), which requires Naseem to show hardship to a qualifying relative (here Dilshad, if she were able to adjust status to lawful permanent relative).  Both also applied for cancellation of removal for non-permanent residents under INA § 240A(b) (codified at 8 U.S.C. § 1229b(b)), claiming exceptional hardship to Saif if they were removed, and in the alternative, for voluntary departure under INA § 240B(b) (codified at 8 U.S.C. § 1229c(b)).

After a hearing, the IJ found petitioners removable and denied both applications for adjustment of status, cancellation of removal, and voluntary departure, and ordered Dilshad and Naseem to be removed to India.  Both petitioners appealed to the BIA, which dismissed their appeal in March 2013. This petition for review timely followed.

II.

We review only those issues that are properly before us under the amended governing law that grants us subject-matter jurisdiction, the REAL ID Act of 2005.  *See Said v. Gonzales*, 488 F.3d 668, 670 (5th Cir. 2007) (citing 8 U.S.C. § 1252 (2006)). It grants this Court "subject-matter jurisdiction over constitutional claims and questions of law that were exhausted before the BIA."  *Id.* (citing 8 U.S.C. §§ 1252(a)(2)(D), 1252(d)(1)).  Unless a discretionary grant or denial of relief poses such a claim or question, we lack jurisdiction to review it.  *See id.* (citing 8 U.S.C. § 1252(a)(2)(B)).

We review questions relating to our jurisdiction to consider challenges to a final order of the BIA *de novo*.  *See Balogun v. Ashcroft*, 270 F.3d 274, 277 (5th Cir. 2001).  The same standard applies to constitutional claims and questions of law.  *See Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006).  To the extent the BIA's decision is affected by the IJ's ruling, we review both decisions.  *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

No. 13-60219

III.

Dilshad Sattani first contends that her eligibility to adjust her status pursuant to INA § 245(i) overcomes her ground of inadmissibility under INA § 212(a)(6)(C)(i). The plain statutory text compels us to disagree.

Section 245 of the INA provides for the "[a]djustment of status of nonimmigrant to that of person admitted for permanent resident." 8 U.S.C. § 1255. Section 245(i), the relevant subpart here, provides that "an alien physically present in the United States who entered the United States without inspection[,] or is within one of the classes enumerated in subsection (c) of this section . . . may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(i)(1)(A)–(C). It goes on to say that the Attorney General may adjust a petitioner's status if, among other things not at issue here, "the alien is *eligible* to receive an immigrant visa and is *admissible* to the United States for permanent residence." 8 U.S.C. § 1255(i)(2)(A) (emphasis added). Eligibility for visas and admissibility is governed by INA § 212(a), so an applicant for adjustment of status under INA § 245(i) must establish that she is "not inadmissible under any of the various paragraphs of [§] 212(a) . . . or that [she is] eligible for a waiver of any applicable ground of inadmissibility." *Matter of Lemus-Losa*, 25 I & N Dec. 734, 736 (BIA 2012).[3]

But Dilshad argues that after Congress amended the INA in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009, 577, the statutory language created an ostensible inconsistency.[4] Section 245(i), which makes aliens

---

[3] Dilshad does not dispute that she is ineligible for a waiver of inadmissibility under INA § 212(i).

[4] Specifically, an alien who entered the United States without inspection became "inadmissible"; previously, such an alien was considered "deportable," a classification that did not prevent the alien from satisfying the "admissibility" requirement of INA § 245(i)(2)(A). *In re Briones*, 24 I & N Dec. 355, 362–63 (BIA 2007).

4

present without inspection eligible to adjust if they are admissible, appears to be in conflict with INA § 212(a)(6)(A)(i), which renders inadmissible aliens present without inspection. *See Briones*, 24 I & N Dec. at 365 (discussing inconsistency and concluding that harmonization was necessary to avoid "an absurd result.").

Dilshad argues that the reasoning of *Briones* compels us to extend the INA § 245(i) carve-out exception the BIA gave to INA § 212(a)(6)(A)(i) (entry without inspection), to her disqualifier, INA § 212(a)(6)(C)(i) (entry with fraudulent documents), because it likewise mirrors the group of aliens in unlawful status intended to benefit from INA § 245(i). However, no such inconsistency is presented by the interplay between INA § 245(c)(7) (codified at 8 U.S.C. § 1255(c)(7)), at issue here, and a different subparagraph at issue in this case, INA § 212(a)(6)(C)(i), which makes inadmissible aliens who procured a visa by fraud. Unlike the INA § 212(a)(6)(A)(i) group at issue in *Briones* which was coextensive with the INA § 245(i) group analyzed there, the INA § 212(a)(6)(C)(i) group is not coextensive with the INA § 245(c)(7) group at issue here. In other words, not all persons who seek adjustment of status through an employment-based visa,[5] procured a visa by fraud or misrepresentation. Thus, unlike the arguable contradiction between INA

---

[5] The Notice to Appear originally charged Dilshad with having entered without being admitted. Her testimony at the hearing later established that she actually was inspected and admitted, albeit under a false name. During the hearing, the U.S. Department of Homeland Security called to the IJ's attention that the charge of being present without inspection is incorrect, but did not seek to amend the Notice to Appear, and Dilshad does not dispute that she nevertheless is removable. Her eligibility for relief under INA § 245(i) can no longer rely on INA § 245(i)(1)(A)(i), which applies to aliens who entered without inspection and was the subpart the BIA analyzed in *Briones*. Rather, her eligibility evaluation is therefore conducted under INA § 245(i)(1)(A)(ii), for being "within one of the classes enumerated in subsection (c) of this section." 8 U.S.C. § 1255(i)(1)(A)(ii). Section 245(c), in turn, contains subclause (7), which lists "any alien who seeks adjustment of status to that of an immigrant under section [203(b)] and is not in lawful immigrant status." 8 U.S.C. § 1255(c). Section 203(b) of the INA (codified at 8 U.S.C. § 1153(b)) provides for employment-based visas and is the relevant section for Dilshad's INA § 245(i) application to adjust status through her employer.

§ 245(i) and INA § 212(a)(6)(A)(i), no absurdity or contradiction results from applying INA § 212(a)(6)(C)(i) as written: that an alien, like Dilshad, who is in unlawful status and seeks to adjust to lawful status through an employment visa is ineligible to do so if she is inadmissible for the use of fraudulent documents. *See Briones*, 24 I & N Dec. at 365.

In sum, we see no error in the BIA's determination that Dilshad is statutorily ineligible for adjustment of status under INA § 245(i) because she is inadmissible under INA § 212(a)(6)(C)(i) for fraudulent entry.  Naseem's derivative application thus was also properly denied. We deny the petition for review.

IV.

Petitioners next ask this Court to review the BIA's discretionary decision denying cancellation of removal.  Petitioners challenge on appeal only the determination that they failed to demonstrate "exceptional and extremely unusual hardship" under INA § 240A(b)(1)(D) to their United States citizen son, a factual question.  8 U.S.C. § 1229b(b)(1)(D).  We lack jurisdiction to review any judgment regarding the granting or denying of discretionary relief in the form of cancellation of removal, unless the appeal involves constitutional questions or questions of law.  *See* 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D).  As this appeal involves neither, we dismiss it for lack of jurisdiction. Petitioners allege no constitutionally protected liberty or property interest in obtaining discretionary relief, and we have determined that illegal aliens do not possess a constitutionally protected right to adjustment of status or eligible discretionary relief.  *See, e.g.*, *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 471 (5th Cir. 2005); *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004); *see also Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006).  Petitioners' claim that the IJ did not properly take into account all the hardship factors merely asks this Court to replace the IJ's evaluation of the evidence with a new

outcome, which falls squarely within the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B). *See, e.g.*, *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007) ("Mr. Sung's cancellation of removal under § 1229b(b) does not involve a constitutional claim or a question of law; therefore, this court does not have jurisdiction to review [his claim that the IJ did not consider all of the relevant factors in determining his children would not suffer the requisite hardship].").

## V.

Finally, Petitioners ask this Court to review the BIA's discretionary decision denying voluntary departure. But Petitioners again overlook the same jurisdictional bar to this Court's consideration of their factual claim that the BIA abused its discretion in denying their request for voluntary departure. Under the plain language of 8 U.S.C. § 1252(a)(2)(B)(i), which addresses "[d]enials of discretionary relief," "no court shall have jurisdiction to review . . . any judgment relating to the granting of relief under . . . [§] 1229(c)," unless it involves "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D). Petitioners sought voluntary departure under 8 U.S.C. § 1229c(b) in lieu of removal if their applications for relief from removal were denied. The IJ denied this relief because the petitioners did not have valid passports and "[had not] made diligent efforts to secure the necessary travel documents." The BIA affirmed, noting that in the two years since the IJ's decision, Petitioners made no effort to show they had renewed the expired passports. Petitioners' challenge—that the BIA erred in "disregarding their credible testimony and equities, and refusing to grant them some time to obtain new valid passports"—presents no constitutional question or question of law, and we lack jurisdiction to consider it.[6]

---

[6] Petitioners' appear to raise one legal issue, but it is inapposite and we lack jurisdiction to consider it because it was not exhausted. Petitioners cite in passing a portion of a regulation, 8 C.F.R. 1240.26(b)(3), that addresses applicants eligible for up to 120 days pre-conclusion voluntary departure, not the post-conclusion voluntary departure sought here.

Accordingly, we DENY the petition for review as to the argument under INA § 245(i) and DISMISS the remainder of the petition for want of jurisdiction.

---

Petitioners also did not raise this issue in their brief to the BIA and thus failed to exhaust it, barring our review. *Ramos-Torres v. Holder*, 637 F.3d 544, 547 (5th Cir. 2011).