# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60486
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2014

Lyle W. Cayce
Clerk

RAUL ROJO CALDERON,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 889 515

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Raul Rojo Calderon (Rojo), a native and citizen of Mexico, admitted that he had entered this country without being admitted or paroled and that he was removable under 8 U.S.C. § 1182(a)(6)(A)(i). He requested relief in the form of cancellation of removal under 8 U.S.C. § 1229b(b). The immigration judge (IJ) found that Rojo was not eligible for cancellation of removal because he had not established the requisite 10 years of continuous physical presence, *see*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60486

§ 1229b(b)(1)(A), and he had not established that his qualifying relatives would suffer the requisite level of hardship upon his removal, *see* § 1229b(b)(1)(D). Thus, the IJ denied Rojo's application for cancellation of removal but granted him voluntary departure under 8 U.S.C. § 1229c. On appeal, the Board of Immigration Appeals (BIA) conducted a de novo review and agreed that Rojo had not established the requisite level of hardship for purposes of § 1229b(b)(1)(D). Because the BIA concluded that Rojo was ineligible for cancellation of removal by virtue of that deficiency, the BIA did not reach the issue whether he had established the 10 years of continuous physical presence required by § 1229b(b)(1)(A), and it dismissed Rojo's appeal. Rojo now petitions for review of the BIA's order dismissing his appeal.

Rojo first challenges the BIA's hardship determination. We lack jurisdiction over Rojo's challenge to the BIA's factual determination that he did not establish the level of hardship required by § 1229b(b)(1)(D). *See Sattani v. Holder*, ___ F.3d ___, 2014 WL 1420288, 3 (5th Cir. 2014); 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D). Rojo's argument that the BIA applied an improper legal standard by considering the hardship currently being suffered by Rojo's children without considering the future hardship they would suffer could have been raised before the BIA in a motion for reconsideration. *See Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009). Because Rojo's legal claim was not raised before the BIA, it is unexhausted, and we lack jurisdiction to consider it. *See id.* at 318-20; § 1252(d)(1).

Rojo next challenges the IJ's determination that he had not established 10 years of continuous physical presence for purposes of § 1229b(b)(1)(A). That determination is a nondiscretionary decision that we do have jurisdiction to consider. *See Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 217 (5th Cir. 2003). However, a court should generally remand a case to the BIA for consideration

2

No. 13-60486

of an issue the BIA did not reach in the first instance. *See*, *e.g.*, *INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002). A remand is unnecessary here, though. As the decision that Rojo is not eligible for cancellation of removal on hardship grounds would not be altered even if we were to rule favorably on his challenge to the determination on his continuous physical presence, we need not address Rojo's argument that the IJ held him to too high an evidentiary burden on this issue. *See Capital Concepts Properties 85-1 v. Mutual First, Inc.*, 35 F.3d 170, 176 (5th Cir. 1994).

Accordingly, Rojo's petition for review is DISMISSED to the extent that it contains claims and arguments over which we lack jurisdiction. In all other respects, the petition for review is DENIED.