# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60863
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2014

Lyle W. Cayce
Clerk

GEORGE OLUWOLE OYELEYE MOSANYA; ADEOLA MOSANYA;
AYOGBOLA MOSANYA; EMMANUEL MOSANYA;
YEWANDE ADEKUNBI MOSANYA,

Petitioners,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 099 764 934
No. A 099 880 545
No. A 099 880 546
No. A 099 880 547
No. A 099 880 548

No. 13-60863

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:*

George Mosanya, together with family members Adeola, Ayogbola, Emmanuel, and Yewande Mosanya, petitions for review of an order of the Board of Immigration Appeals ("BIA"). The BIA determined that Mosanya and his family had overstayed their visas and that Mosanya was not eligible to adjust his status under 8 U.S.C. § 1255(c)(8) because he had engaged in unauthorized employment. Mosanya contends that he should be permitted to seek adjustment of status because his failure to renew his visa was "through no fault of his own," as he received incorrect information from a United States Citizenship and Immigration Services employee about the legal effect of his pending application for adjustment of status. *See* § 1255(c)(2). Because the petitioners are challenging the determination that Mosanya is ineligible to adjust his status, we have jurisdiction to review the arguments. *See* 8 U.S.C. § 1252(a)(2)(D); *Sattani v. Holder*, 749 F.3d 368, 370−72 (5th Cir. 2014).

Section 1255(c)(8) provides that an "alien who was employed while the alien was an unauthorized alien" is not eligible to adjust his status. There is no dispute that Mosanya continued working after the expiration of his employment visa, and Mosanya does not contend that he was authorized to work at that time. Although he asserts that he should not be penalized for not renewing his visa in light of his attempts to obtain accurate information from the agency, the "no fault of his own" language constitutes an exception to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60863

§ 1255(c)(2), which states that an alien is ineligible to adjust his status if he "failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States." Because the BIA determined that Mosanya was ineligible to adjust his status under § 1255(c)(8), the exception in § 1255(c)(2) does not apply.

To the extent that the petitioners' claim should be considered as a request for equitable estoppel, they have not established that any misinformation that was provided rose to the level of affirmative misconduct. *See Moosa v. INS*, 171 F.3d 994, 1003 (5th Cir. 1999); *Kwon v. INS*, 646 F.2d 909, 910, 916–19 (5th Cir. May 1981) (en banc). Consequently, the petition for review is DENIED.