# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2015

Lyle W. Cayce
Clerk

No. 14-60685
Summary Calendar

CESAR OMAR VERDUGO-SOTO,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078-925-868

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cesar Omar Verdugo-Soto (Verdugo), a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ's) denial of his application for adjustment of status under 8 U.S.C. § 1255.  We have jurisdiction to decide whether Verdugo was statutorily eligible for an adjustment of status under § 1255(i).  *See Sattani v. Holder*, 749 F.3d 368, 370 (5th Cir. 2014).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60685

When, as here, the BIA affirms the IJ, relying on the reasons set forth in the IJ's decision, we review both decisions. *Id.* We review legal questions de novo. *Id.* We review questions of fact under the substantial evidence standard, which means that we will not reverse unless we decide "not only that the evidence supports a contrary conclusion, but [also] that the evidence compels it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted) (emphasis and alteration in original).

An alien physically present in the United States who entered without inspection may apply for adjustment of status to that of an alien lawfully admitted for permanent residence. § 1255(i). The Attorney General may grant the application if, among other things, the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence. § 1255(i)(2). An applicant for adjustment of status under § 1255(i) must establish that he is not inadmissible under any provision of the Immigration and Nationality Act (INA) or that he is eligible for a waiver of any applicable ground of inadmissibility. *Sattani*, 749 F.3d at 371.

The INA provides that an alien is ineligible to receive an immigrant visa and is inadmissible if he was unlawfully in this country for more than one year and then "enters or attempts to reenter the United States without being admitted." INA § 212(a)(9)(C)(i)(I) (codified at 8 U.S.C. § 1182(a)(9)(C)(i)(I)). Such aliens are not entitled to an adjustment of status. *Mortera-Cruz v. Gonzales*, 409 F.3d 246, 256 (5th Cir. 2005); *see also In re Briones*, 24 I & N Dec. 355, 371 (BIA 2007) (holding that aliens inadmissible under § 1182(a)(9)(C)(i)(I) are ineligible for adjustment of status under § 1255(i)).

Verdugo's assertion that the IJ incorrectly denied his application based on a finding that Verdugo was convicted of illegal reentry when Verdugo was in fact convicted of illegal entry is not supported by the record and is otherwise

No. 14-60685

unavailing because § 1182(a)(9)(C)(i)(I) speaks to an unlawful entry without respect to whether there was a conviction.  *See* § 1182(a)(9)(C)(i)(I).

Verdugo's argument that he was admissible because he did not leave the country after he was convicted of illegal entry is also unavailing.  Verdugo testified that he was unlawfully in this country for 10 years prior to 2003, left the country for a week at the end of 2003, and returned unlawfully on January 12, 2004.  These facts rendered him inadmissible under § 1182(a)(9)(C) and, therefore, ineligible for an adjustment of status under § 1255(i).  *See Mortera-Cruz*, 409 F.3d at 255-56.  Consequently, the evidence does not compel a conclusion contrary to that reached by the IJ and the BIA regarding Verdugo's ineligibility for adjustment of status.

Accordingly, the petition for review is DENIED.