**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1722**

SILVIO BITTENCOURT BAPTISTA,

            Petitioner,

        v.

LORETTA E. LYNCH, Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  February 11, 2016        Decided:  March 14, 2016

Before KING, DIAZ, and HARRIS, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Hashim G. Jeelani, Royal Oak, Michigan, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jennifer P. Levings, Senior Litigation Counsel, Laura Halliday Hickein, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Silvio Bittencourt Baptista, a native and citizen of Brazil, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his application for cancellation of removal. For the reasons set forth below, we dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2012), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal. In this case, the immigration judge found, and the Board agreed, that Baptista failed to meet his burden of establishing that his United States citizen child would suffer exceptional and extremely unusual hardship if Baptista is returned to Brazil. We conclude that this determination is clearly discretionary in nature, and we therefore lack jurisdiction to review challenges to this finding absent a colorable constitutional claim or question of law. See Sattani v. Holder, 749 F.3d 368, 372 (5th Cir. 2014) (finding no jurisdiction to review determination that aliens failed to demonstrate requisite hardship to their U.S. citizen son); Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision [of

§ 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the [Board] to actually deny a petition for cancellation of removal."); Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001) (concluding, under transitional rules, that issue of hardship is committed to agency discretion and is not subject to appellate review).

We have reviewed Baptista's claims of error and conclude that he fails to raise a colorable constitutional claim or question of law under 8 U.S.C. § 1252(a)(2)(D) (2012). See Gomis v. Holder, 571 F.3d 353, 358 (4th Cir. 2009) ("[A]bsent a colorable constitutional claim or question of law, our review of the issue is not authorized by § 1252(a)(2)(D)." (emphasis added)). Accordingly, we grant the Attorney General's pending motion to dismiss and dismiss the petition for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

3