# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 15-60731
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2016

Lyle W. Cayce
Clerk

ANTONIO ROBLEDO-DEANDA,

                                                    Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

                                                    Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 689 312

———————

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Antonio Robledo-Deanda petitions for review of the Board of Immigration Appeals (BIA) order affirming the Immigration Judge's (IJ) order of removal. That order was based on his prior aggravated-felony conviction for aiding and abetting the transportation of illegal aliens into the United States for private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(v)(II); and 18 U.S.C. § 2.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60731

Robledo is a native and citizen of Mexico. In 2006, his immigration status was adjusted to "lawful permanent resident", pursuant to 8 U.S.C. § 1255. He was charged in June 2014 after accepting $1,600, plus $300 for gasoline, to transport illegal aliens from Alpine, Texas, to Seagraves, Texas, at the request of a friend. Robledo completed the transportation of two individuals, and was arrested while driving with his wife and son to pick up two more. He was found guilty and sentenced to six months' imprisonment.

The Department of Homeland Security initiated removal proceedings against him in December 2014. Based on his prior conviction, the IJ determined Robledo was "inadmissible" under 8 U.S.C. § 1182(a)(6)(E)(i), and pretermitted his application for readjustment of status.

The BIA affirmed, without an opinion, the IJ's decision, making it the final agency determination. Robledo challenges the IJ's ruling of inadmissibility and the decision to pretermit his application for readjustment of status. He contends the IJ erroneously found he aided and abetted the illegal entry of aliens because: (1) the agreement to transport the aliens, along with Robledo's belief that the aliens were in Mexico at the time of that agreement, were not evidence of an affirmative act toward that offense; (2) the friend's agreement to pay Robledo did not establish that he assisted in any unlawful act; and (3) there was no evidence to support the IJ's conclusion that Robledo's legal status enticed the aliens' entry into the United States.

Although we are statutorily barred from reviewing a removal order based on the alien's commission of an aggravated felony, *see* 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review constitutional claims and questions of law, including the BIA's legal determinations whether an alien is statutorily ineligible for an adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(D); *Sattani v. Holder*, 749 F.3d 368, 370–72 (5th Cir. 2014). Robledo's contentions

2

here, however, amount to a disagreement with the agency factual findings. Accordingly, we lack jurisdiction to review the claims raised in Robledo's petition. *See* § 1252(a)(2)(C) & (D).

DISMISSED.