# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60671
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2017

Lyle W. Cayce
Clerk

WAEL NIAZY ALRASHIDI,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 118 912

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Wael Niazy Alrashidi is a citizen of Egypt who entered the U.S. as a non-immigrant, J-1 exchange visitor and stayed in the U.S. beyond the authorized period. He was subsequently charged as being removable on this basis. Now, he petitions this court for review of an order of the Board of Immigration Appeals (BIA) upholding the immigration judge's (IJ's) determination that he was not entitled to asylum, withholding of removal, or protection under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60671

Convention Against Torture (CAT) because, *inter alia*, he was not credible.  On appeal, Alrashidi contends that the IJ violated his due process rights by aggressively questioning him during his immigration hearings.  He also argues that the BIA erred in affirming the IJ's findings on his credibility.

We review only the decision of the BIA but will consider the IJ's decision if it influenced the determination of the BIA.  *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  We review the BIA's factual findings for substantial evidence.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Under this standard, reversal is improper unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it."  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation and citation omitted); *see* 8 U.S.C. § 1252(b)(4)(B).

We review Alrashidi's constitutional claims de novo.  *See Sattani v. Holder*, 749 F.3d 368, 370 (5th Cir. 2014).  As the BIA concluded, the record reveals that the IJ appropriately asked questions in order to fully develop the record.  *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052-53 & n.1 (5th Cir. 1986).  Moreover, the questions asked by the IJ did not preclude Alrashidi from presenting further testimony or evidence concerning his claims and did not "substantially prejudice" him.  *Id.* at 1052; *see Wang*, 569 F.3d at 541 (rejecting similar due process claim).

An adverse credibility determination may be supported by any inconsistency or omission, provided that the totality of the circumstances establishes that an asylum applicant is not credible.  *Wang*, 569 F.3d at 538-39.  Our review of the record as a whole shows that the evidence does not compel a conclusion contrary to that reached by the IJ and BIA on the issue whether Alrashidi was credible.  *See id.* at 537-39.  Because Alrashidi has not presented credible evidence showing that he is entitled to asylum, he has not

shown that he is entitled to withholding of removal or relief under the CAT. *See Dayo v. Holder*, 687 F.3d 653, 659 (5th Cir. 2012).   Consequently, his petition for review is DENIED.