# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2018

Lyle W. Cayce
Clerk

No. 17-60240
Summary Calendar

BALTAZAR CARILLO-ROMERO, also known as Baltazar Carillo Romero,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 212 492

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Baltazar Carillo-Romero, a native and citizen of Mexico, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) denial of cancellation of removal under 8 U.S.C. § 1229b.  He contends that the BIA erred in concluding that he failed to establish that his United States citizen daughter would suffer exceptional and extremely unusual hardship as a result of his removal to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60240

Mexico. Specifically, Carillo-Romero argues that the BIA abused its discretion by failing to consider his lack of ties to Mexico given the length of his residency in the United States. He also argues that the BIA violated his procedural due process rights by failing to consider all of his testimony in the aggregate.

We are statutorily barred from reviewing the BIA's purely discretionary denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014). This jurisdiction-stripping provision does not preclude review of constitutional claims or questions of law. § 1252(a)(2)(D); *Sattani*, 749 F.3d at 372. However, we look past an alien's framing of an issue and will decline to consider "an abuse of discretion argument cloaked in constitutional garb." *Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006) (internal quotation marks, citation, and brackets omitted).

Carillo-Romero's claim that the BIA failed to properly consider and cumulatively assess all of the exceptional and extremely unusual hardship factors is nothing more than a disagreement with the BIA's weighing of those factors. Further, the IJ's and BIA's decisions reflect that they meaningfully considered all of the relevant hardship factors and evidence, individually and cumulatively. Because Carillo-Romero challenges the consideration and weighing of the evidence, we lack jurisdiction over his claim that the BIA erred in dismissing his appeal of the IJ's denial of his application for cancellation of removal. *See Sattani*, 749 F.3d at 372.

Accordingly, Carillo-Romero's petition for review is DISMISSED for lack of jurisdiction.