**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2397**

USIEL ELIFAS DE LEON ROBLERO, a/k/a Amilcar Gonzalez Perez,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General of the United States,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  May 17, 2018                          Decided:  May 30, 2018

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Mark J. Devine, Charleston, South Carolina, for Appellant.  Chad A. Readler, Acting Assistant Attorney General, Shelley R. Goad, Assistant Director, Nancy K. Canter, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Usiel Elifas De Leon Roblero, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reconsider its decision dismissing his appeal from the Immigration Judge's (IJ) denial of his application for cancellation of removal. For the reasons set forth below, we dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2012), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal. In this case, the IJ found, and the Board agreed, that Roblero failed to meet his burden of establishing that his United States citizen children would suffer exceptional and extremely unusual hardship if he is returned to Mexico. We conclude that this determination is clearly discretionary in nature, and we therefore lack jurisdiction to review challenges to this finding absent a colorable constitutional claim or question of law. *See Sattani v. Holder,* 749 F.3d 368, 372 (5th Cir. 2014) (finding no jurisdiction to review determination that aliens failed to demonstrate requisite hardship to their U.S. citizen son); *Obioha v. Gonzales,* 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the [Board] to actually deny a petition for cancellation of removal."); *Okpa v. INS,* 266 F.3d 313, 317 (4th Cir. 2001) (concluding, under transitional rules, that issue of hardship is committed to agency discretion and is not subject to appellate review).

We have reviewed Roblero's claims of error and conclude that he fails to raise a colorable constitutional claim or question of law under 8 U.S.C. § 1252(a)(2)(D) (2012). *See Gomis v. Holder,* 571 F.3d 353, 358 (4th Cir. 2009) ("[A]bsent a *colorable* constitutional claim or question of law, our review of the issue is not authorized by § 1252(a)(2)(D)." (emphasis added)). Accordingly, we dismiss the petition for review for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*