**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1696**

LUIS AMILCAR RAMOS-ROMERO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 30, 2019                                   Decided: August 15, 2019

Before AGEE and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Petition dismissed by unpublished per curiam opinion.

Sam H. Hasan, HASAN LAW GROUP PLLC, Falls Church, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Anthony C. Payne, Assistant Director, Yedidya Cohen, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Amilcar Ramos-Romero, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his application for cancellation of removal. For the reasons set forth below, we dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2012), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal. In this case, the immigration judge found, and the Board agreed, that Ramos-Romero failed to meet his burden of establishing that his United States citizen children would suffer exceptional and extremely unusual hardship if he is returned to El Salvador.[*] We conclude that this determination is clearly discretionary in nature, and we therefore lack jurisdiction to review challenges to this finding absent a colorable constitutional claim or question of law. *See Sattani v. Holder,* 749 F.3d 368, 372 (5th Cir. 2014) (finding no jurisdiction to review determination that aliens failed to demonstrate requisite hardship to their U.S. citizen son); *Obioha v. Gonzales,* 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that

---

[*] Because we can resolve this case by considering the agency's independent and dispositive finding that Ramos-Ramero failed to meet his burden of establishing that his U.S. citizen children would suffer exceptional and extremely unusual hardship if he is removed to El Salvador, we need not address Ramos-Ramero's challenges to the immigration judge's finding that Ramos-Ramero is, or was, a habitual drunkard. *See INS v. Bagamasbad,* 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

2

the gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the [Board] to actually deny a petition for cancellation of removal."); *Okpa v. INS,* 266 F.3d 313, 317 (4th Cir. 2001) (concluding, under transitional rules, that issue of hardship is committed to agency discretion and is not subject to appellate review).

After reviewing Ramos-Romero's challenges to the agency's finding that he failed to demonstrate the requisite hardship, we conclude that he fails to raise a colorable constitutional claim or question of law under 8 U.S.C. § 1252(a)(2)(D) (2012). *See Gomis v. Holder,* 571 F.3d 353, 358 (4th Cir. 2009) ("[A]bsent a colorable constitutional claim or question of law, our review of the issue is not authorized by § 1252(a)(2)(D)."). We therefore lack jurisdiction to review the agency's denial of Ramos-Romero's application for cancellation of removal.

Ramos-Romero also argues that the agency lacked jurisdiction over his removal proceedings because his notice to appear did not identify a time and date for his initial hearing. He relies on the Supreme Court's decision in *Pereira v. Sessions,* 138 S. Ct. 2105 (2018) (holding that a notice to appear that fails to designate specific time or place of removal proceeding does not trigger stop-time rule ending alien's continuous presence period for purposes of cancellation of removal). Because Ramos-Ramero did not raise this claim before the Board, we lack jurisdiction to consider it on the ground that he failed to exhaust his administrative remedies. *See* 8 U.S.C. § 1252(d)(1) (2012); *Massis v. Mukasey,* 549 F.3d 631, 638-40 (4th Cir. 2008). In any event, Ramos-Ramero's claim is squarely foreclosed by our recent decision in *United States v. Cortez,* __ F.3d __, 2019 WL 3209956, *5 (4th Cir. July 17, 2019) (No. 19-4055) (holding that the failure of a notice to appear to

3

include a date and time for petitioner's removal hearing "does not implicate the immigration court's adjudicatory authority or 'jurisdiction'").

Accordingly, we dismiss the petition for review for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*

4