# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60066
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2020

Lyle W. Cayce
Clerk

DAVID ANTONIO VELASQUEZ AMAYA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 309 923

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

David Antonio Velasquez Amaya, a native and citizen of Honduras, petitions this court for review of the decision by the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of cancellation of removal under 8 U.S.C. § 1229b. He contends that he established his eligibility for the requested relief. In addition, Velasquez Amaya maintains that the IJ and BIA failed to consider the positive factors for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60066

granting him relief and gave undue weight to negative factors such as his criminal history.

Because the BIA did not rely on the IJ's determination that Velasquez Amaya was statutorily ineligible for cancellation of removal, that argument is not properly before us. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). As for Velasquez Amaya's challenge to the agency's failure to exercise discretion in favor of granting him relief, we are statutorily barred from reviewing the BIA's purely discretionary denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014). This jurisdiction-stripping provision does not preclude review of constitutional claims or questions of law. § 1252(a)(2)(D); *Sattani*, 749 F.3d at 372. However, we look past an alien's framing of an issue and will decline to consider "an abuse of discretion argument cloaked in constitutional garb." *Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006) (internal quotation marks, citation, and brackets omitted).

Velasquez Amaya's claim that the IJ and BIA failed to properly consider and weigh the factors in favor of and against an exercise of discretion "falls squarely within the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)." *Sattani*, 749 F.3d at 372. We therefore lack jurisdiction on this ground.

Although Velasquez Amaya raises other claims that may invoke the Constitution or statutory law, he is not entitled to relief. He challenges the admissibility of Form I-213, the Record of Deportable/Admissible Alien, because it includes irrelevant and inadmissible information, but he did not present such an argument to the BIA and it is therefore unexhausted. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009). To the extent that Velasquez Amaya is arguing that he should not have been ordered removed because he has a pending U visa based on police brutality and discrimination

No. 19-60066

in Florida, such a visa has no bearing on a determination that an alien should be removed.  *See* 8 C.F.R. § 214.14(c)(1)(ii).  We decline to review Velasquez Amaya's assertion that the BIA applied an incorrect standard of review to the IJ's findings of fact, raised for the first time in his reply brief.  *See Diaz v. Sessions*, 894 F.3d 222, 226 n.2 (5th Cir. 2018).  Finally, Velasquez Amaya's allegations that he is entitled to reinstatement of his bond and that his continued immigration detention exceeds constitutional limits is not properly reviewable in a petition for review of a removal proceeding.  *See* 8 C.F.R. § 1003.19(d); *Zadvydas v. Davis*, 533 U.S. 678, 684-867 (2001).

Accordingly, Velasquez Amaya's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.  Velasquez Amaya's motions seeking a copy of certified administrative records and asking this court to require an attorney for the respondent to withdraw from the case are DENIED.