# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 18-60873
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2020

Lyle W. Cayce
Clerk

ANGEL DELGADILLO CERVANTES,

                                    Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

                                    Respondent

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 309 286

---

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Angel Delgadillo Cervantes, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) order denying his application for withholding of removal and alternative request for voluntary departure. Delgadillo Cervantes asserts that the stabbing death of his aunt and uncle by unknown individuals, coupled with a vague and unsubstantiated threat of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

harm he received after moving to this country in 2007, amounted to past persecution and establish a well-founded fear of future persecution, if he returns to Mexico, based on his membership in a "family-based particular social group." He acknowledges that this group was not specifically identified before the IJ but argues, for the first time here, that his testimony at the merits hearings should have alerted the IJ to this group.

We review the BIA's determination that an alien is not eligible for withholding of removal for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). We lack jurisdiction to consider Delgadillo Cervantes's newly raised, unexhausted argument regarding his additional particular social group. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). We likewise lack jurisdiction to review the denial of voluntary departure in this case. *See Sattani v. Holder*, 749 F.3d 368, 372-73 (5th Cir. 2014); *see also* 8 U.S.C. § 1229c(f); § 1252(a)(2)(B)(i).

Substantial evidence supports the BIA's conclusion that Delgadillo Cervantes failed to show that he suffered past persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006). Delgadillo Cervantes abandons by failing to brief any argument specifically challenging the BIA's determination that he had not demonstrated a likelihood of future persecution on account of a protected ground given that his fear of returning to his country was based on a fear of generalized violence. *See Soadje v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Even had he briefed the argument, it would fail as his testimony that he feared returning to Mexico because of general crime provides substantial evidence supporting the BIA's conclusion. *See Majd v. Gonzales*, 446 F.3d 590, 595-96 (5th Cir. 2006).

Accordingly, the petition for review is DENIED in part and DISMISSED in part.