# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2021

Lyle W. Cayce
Clerk

No. 20-60260
Summary Calendar

DIEGO ADRIAN RODRIGUEZ HERNANDEZ, *also known as* DIEGO RODRIGUEZ,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A044 360 148

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges.*

PER CURIAM:*

Diego Adrian Rodriguez Hernandez, a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals (BIA)

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60260

denying his motion for reconsideration after concluding that he did not warrant a favorable exercise of its discretion to cancel removal.

We review the question of whether we have jurisdiction de novo. *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006). Although we generally lack jurisdiction to review the discretionary denial of an application for cancellation of removal, we retain jurisdiction to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(B) & (a)(2)(D). However, a petitioner cannot manufacture jurisdiction by petitioning for review of a motion to reopen or reconsider when we would lack jurisdiction to review a direct petition. *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004).

Rodriguez Hernandez argues that the BIA failed to adhere to binding precedent when it determined that his criminal history outweighed the factors in favor of granting cancellation of removal, but an assertion that the BIA failed to consider or put insufficient emphasis on particular factors "merely asks this Court to replace the [BIA's] evaluation of the evidence with a new outcome, which falls squarely within the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)." *Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014), *abrogated in part on other grounds by Guerrero Trejo v. Garland*, 3 F.4th 760, 768-73 (5th Cir. 2021). Because Rodriguez Hernandez has not presented a legal or constitutional claim, we lack jurisdiction to review the denial of his motion for reconsideration. *See Assaad*, 378 F.3d at 475.

Accordingly, the petition for review is DISMISSED.

2