# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2022

Lyle W. Cayce
Clerk

No. 21-60543
Summary Calendar

GREGORIO JARIMILLO-MORONES,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 226 570

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Gregorio Jarimillo-Morones, a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal and his request for voluntary departure. Jarimillo-Morones contends that his

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60543

misdemeanor conviction for cockfighting is not a crime involving moral turpitude and that the immigration judge's determination that it was a crime of moral turpitude infected the analysis of his case.  However, the BIA declined to address whether he had been convicted of a crime of moral turpitude and instead found that he was ineligible for cancellation of removal solely because he failed to demonstrate that his removal would cause exceptional and extremely unusual hardship to his qualifying relatives. Because he does not challenge the determination that he failed to demonstrate an undue hardship to his qualifying relatives, he has abandoned any challenge to that determination.  *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).  Moreover, we lack jurisdiction to review the discretionary denial of a request for voluntary departure.  *See Sattani v. Holder*, 749 F.3d 368, 372-73 (5th Cir. 2014), *abrogated in part on other grounds by Guerrero Trejo v. Garland*, 3 F.4th 760, 772-73 (5th Cir. 2021); 8 U.S.C. § 1252(a)(2)(B)(i); 8 U.S.C. § 1229c(f).

Accordingly, the petition for review is DENIED in part and DISMISSED in part.