# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 11, 2022

Lyle W. Cayce
Clerk

No. 20-60864
Summary Calendar

Jose Fredy Umanzor-Cisnado,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A043 195 540

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Jose Fredy Umanzor-Cisnado petitions for review of the decision of the Board of Immigration Appeals (BIA) vacating the immigration judge's decision granting his application for cancellation of removal. Umanzor-Cisnado contends that the BIA erred in determining that he did not warrant

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60864

a discretionary grant of cancellation of removal and that his due process rights were violated. To the extent he argues that he did not receive notice that his hearing would extend past his criminal history to include his hiring practices, this argument is unexhausted and therefore we lack jurisdiction to address it. *See Roy v. Ashcroft*, 389 F.3d 132, 136-37 (5th Cir. 2004).

Umanzor-Cisnado argues that the BIA failed to adhere to binding precedent when it failed to consider his proof of rehabilitation, the hardship to his United States citizen wife, or the hardship that he would suffer if forced to return to the dangerous conditions in El Salvador after living in the United States for 30 years. He also argues that the BIA legally erred in relying on *Matter of Castillo-Perez*, 27 I. & N. Dec. 664 (2019), to find that his two convictions for driving while intoxicated significantly undercut his positive equities. However, an assertion that the BIA failed to consider or put insufficient emphasis on particular factors "merely asks this Court to replace the [BIA's] evaluation of the evidence with a new outcome, which falls squarely within the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)." *Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014), *abrogated in part on other grounds by Guerrero Trejo v. Garland*, 3 F.4th 760, 768-73 (5th Cir. 2021). His argument regarding *Matter of Castillo-Perez*, which he attempts to frame as a legal argument, is again a request to reweigh the discretionary factors. *See id.* Because Umanzor-Cisnado has not presented a legal or constitutional claim, this court lacks jurisdiction to review in these respects the denial of his application for cancellation of removal by the BIA. *See* 8 U.S.C. § 1252(a)(2)(B) & (D); *Guerrero Trejo*, 3 F.4th at 773-74.

Moreover, his due process rights were not violated when the BIA relied on *Matter of Castillo-Perez* for the proposition that multiple convictions for driving under the influence would weigh against a favorable exercise of discretion because it is well established that an alien's criminal record is a key

No. 20-60864

factor in determining whether cancellation of removal is warranted. *See Matter of C-V-T-*, 22 I. & N. Dec. 7, 11 (BIA 1998).

Accordingly, the petition for review is DENIED in part and DISMISSED in part.