# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2022

Lyle W. Cayce
Clerk

No. 21-60769
Summary Calendar

Francisco Esquivel-Muniz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 936 769

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Francisco Esquivel-Muniz, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. Esquivel-Muniz contends that the BIA erred in determining that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

he failed to show that his removal would cause exceptional and extremely unusual hardship to his children and father and that he warrants voluntary departure. Although he also argues that the BIA failed to consider the relevant country conditions in Mexico before determining that he failed to demonstrate exceptional and extremely unusual hardship to his qualifying relatives, this claim is unexhausted, and therefore we lack jurisdiction to address it. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022).

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence, and legal determinations are reviewed de novo. *Guerrero Trejo v. Garland*, 3 F.4th 760, 774 (5th Cir. 2021).

Cancellation of removal is available to applicants who have been continuously present in the United States for 10 or more years prior to filing an application, who can establish good moral character during that time, who have no disqualifying convictions, and whose spouse, children, or parent would suffer exceptional and extremely unusual hardship if the applicant were removed. 8 U.S.C. § 1229b(b)(1).

Despite Esquivel-Muniz's assertions to the contrary, the consequences facing his father and children if he were removed are not "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Guerrero Trejo*, 3 F.4th at 775 (quoting *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001)). Moreover, his claim that little weight was afforded to the financial hardships that his children and father would face if he were removed or to the difficulties his children would face relocating to Mexico is belied by the record. The record reflects that the BIA considered whether the financial,

No. 21-60769

emotional, and educational hardship that Esquivel-Muniz's father and children would rise to the level of exceptional and extremely unusual hardship and that the immigration judge explicitly considered his testimony that he is afraid to return to Mexico because of cartel violence. While Esquivel-Muniz also claims that no weight was afforded to the psychological difficulties his children would face if forced to relocate to Mexico, he failed to offer any testimony or corroborating evidence in support of this concern. The record does not compel a finding that his father and children would suffer exceptional and extremely unusual hardship if he were removed; thus, substantial evidence supports the determination that Esquivel-Muniz was ineligible for cancellation of removal. *See Guerrero Trejo*, 3 F.4th at 774.

Finally, Esquivel-Muniz argues that the BIA erred in affirming the immigration judge's conclusion that he did not warrant voluntary departure. However, because the denial of voluntary departure was based on discretionary grounds, we lack jurisdiction to review that decision. *See Sattani v. Holder*, 749 F.3d 368, 372-73 (5th Cir. 2014), *abrogated in part on other grounds by Guerrero Trejo v. Garland*, 3 F.4th 760, 772-73 (5th Cir. 2021).

Accordingly, the petition for review is DENIED in part and DISMISSED in part.