# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60653
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2018

Lyle W. Cayce
Clerk

JAGROOP THINO SINGH,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 408 160

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jagroop Thino Singh, a native and citizen of India, petitions for review of the order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Singh argues that the BIA erred by (1) concluding that he failed to preserve for appeal his due process claims based on the absence of a translator

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

who spoke his native language at the merits hearing and (2) affirming the IJ's finding that he failed to introduce reasonably available corroborative evidence to support his claims.  By failing to brief the issues, Singh has waived any challenge to the BIA's determination that he failed to file his asylum claim in a timely manner and failed to show extraordinary circumstances to justify the delay.  *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).  Further, given Singh's failure to argue at any point in his brief that he is more likely than not to be tortured should he return to India, he has waived his claim that he is entitled to relief under the CAT.  *See* 8 C.F.R. §§ 1208.16(c), 1208.18(a); *Chambers*, 520 F.3d at 448 n.1.

This court reviews constitutional claims *de novo*.  *See Sattani v. Holder*, 749 F.3d 368, 370 (5th Cir. 2014).  Removal proceedings must be conducted "in accord with due process standards of fundamental fairness."  *Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012) (citation omitted).  To prevail on a due process claim, an alien must show substantial prejudice arising from the alleged violation.  *Id.*  However, "an alien's failure to exhaust his administrative remedies serves as a jurisdictional bar to [this court's] consideration of the issue."  *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).  Singh failed to preserve his due process claim because he raised it for the first time before the BIA, which deprives this court of jurisdiction to review the claim.  *See id.*

On petition for review of a BIA decision, this court reviews factual findings for substantial evidence and questions of law de novo.  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  This court reviews only the order of the BIA unless the IJ's decision "has some impact on the BIA's decision," *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997), in which case it reviews the IJ's decision as well, *Wang*, 569 F.3d at 536.  Here, because the BIA found it

unnecessary to discuss the IJ's findings on credibility, this court will not consider the IJ's credibility determinations. *See Wang*, 569 F.3d at 536. Pursuant to the substantial-evidence standard, "this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

To prove eligibility for withholding of removal, "[t]he testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.16(b). The IJ may, however, require an alien to submit evidence corroborating even credible testimony if the evidence is reasonably obtainable. *Cf. Yang v. Holder*, 664 F.3d 580, 585, 587 (5th Cir. 2011) (evaluating the sufficiency of evidence supporting asylum claim). On review of the BIA's finding that an alien failed to provide sufficient corroboration for his claim, the relevant question is whether "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

The BIA decided that Singh's failure to introduce corroborative evidence was fatal to his claims. *See Yang*, 664 F.3d at 587. Singh failed to present a party-membership card, medical reports, police reports, or affidavits from material witnesses. Singh testified that he did not know that he needed the evidence. Further, he stated that the party-membership card and medical reports were at his house in India, where his parents, brother, and brother's wife and child live. Based on these undisputed facts, a reasonable trier of fact would not be compelled to conclude that corroborating evidence was unavailable. *See Yang*, 664 F.3d at 587.

Singh's petition is DISMISSED in part for lack of jurisdiction with respect to his due process claim and DENIED with respect to his remaining claims.