# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60061
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2019

Lyle W. Cayce
Clerk

DIEGO ADRIAN RODRIGUEZ HERNANDEZ, also known as Diego
Rodriguez,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A044 360 148

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

Diego Adrian Rodriguez Hernandez, a native and citizen of Mexico, seeks
review of the decision of the Board of Immigration Appeals (BIA) denying him
cancellation of removal and ordering him removed. Rodriguez Hernandez
argues that the BIA applied an overly strict, legally incorrect standard to his
hardship claims and failed to "thoroughly analyze all relevant factors" or
"completely address all the facts in evidence with respect to [his] criminal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

convictions, his history of substance abuse[,] and his rehabilitation." A denial of discretionary relief, such as cancellation, under 8 U.S.C. § 1229b implicates the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B). *See Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). We review our subject matter jurisdiction de novo. *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 660 (5th Cir. 2003).

After reviewing the Immigration Judge's (IJ) findings regarding Rodriguez Hernandez's criminal history which militated against cancellation of removal, the BIA noted the IJ's findings as to the potential economic, familial, and personal effects of removal. Having specifically reviewed each of these factors, the BIA concluded that the adverse factors outweighed those in favor of cancellation. Rodriguez Hernandez "merely asks this Court to replace the [BIA's] evaluation of the evidence with a new outcome, which falls squarely within the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)." *Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014).

Rodriguez Hernandez additionally argues that the BIA applied an overly strict legal standard to determine whether sufficient hardship existed and to analyze the relevant factors. This court lacks jurisdiction to review an issue for which Rodriguez Hernandez failed to exhaust all administrative remedies available to him as of right. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009); § 1252(d)(1). Because Rodriguez Hernandez's claim that the BIA relied on an erroneous legal standard is an issue "stemming from the BIA's act of decisionmaking," it could not have been raised prior to the BIA's issuance of its decision. *Omari*, 562 F.3d at 320, 319-21. He therefore was required to raise the issue in a motion to reopen or for reconsideration to satisfy the exhaustion requirement. *E.g.*, *Omari*, 562 F.3d at 320-21. Because he did not do so, this court lacks jurisdiction to review the claim. *See id.*; *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) (concluding that this court lacked jurisdiction to review unexhausted claim of procedural error by the BIA); § 1252(d)(1).

No. 18-60061

The petition for review is DISMISSED for lack of jurisdiction.  *See* § 1252(a)(2)(B), (d)(1); *Sattani,* 749 F.3d at 372; *Omari,* 562 F.3d at 318.