# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2021

Lyle W. Cayce
Clerk

No. 20-60127
Summary Calendar

---

Adolfo Garcia-Flores,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 226 583

---

Before Barksdale, Willett, and Duncan, *Circuit Judges.*

Per Curiam:*

Adolfo Garcia-Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of the Immigration Judge's (IJ) denying his applications for: cancellation of removal; and post-conclusion voluntary departure. He contends the BIA

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60127

violated his due-process rights concerning discretionary relief from removal and erred by affirming the IJ's: denial of cancellation of removal; denial of voluntary departure; and conclusion that Garcia was ineligible for cancellation of removal because he failed to establish the requisite level of hardship.

Our court generally lacks jurisdiction to review the BIA's denial of discretionary relief, including cancellation of removal and voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007) (cancellation of removal); *Sattani v. Holder*, 749 F.3d 368, 372–73 (5th Cir. 2014) (voluntary departure). This jurisdictional bar, however, does not apply to review of the BIA's non-discretionary decision an applicant is *ineligible* for discretionary relief. *Trejo v. Garland*, 3 F.4th 760, 767–68, 773 (5th Cir. 2021) ("[T]he decision that is shielded from judicial review by § 1252(a)(2)(B)(i)" is "whether to *actually grant* cancellation to a qualifying alien". (citations omitted)). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo. Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Due-process challenges are also reviewed *de novo. De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004).

Accordingly, our court lacks jurisdiction to review Garcia's cancellation-of-removal and voluntary-departure challenges. His cancellation-of-removal challenge falls squarely within § 1252(a)(2)(B)(i)'s ambit. Similarly, although § 1252(a)(2)(D) allows "review of constitutional claims or questions of law raised upon a petition for review", Garcia's voluntary-departure challenge does not raise a constitutional or legal question. He, instead, contests the IJ's factual conclusions and exercise of discretion. *See Sattani*, 749 F.3d at 373 (explaining factual dispute insufficient to establish jurisdiction).

On the other hand, our court has jurisdiction to consider Garcia's challenge to the BIA's decision he is ineligible for cancellation of removal. To be eligible for this discretionary relief, applicant must establish, *inter alia*, his removal would cause a qualifying relative to suffer an "exceptional and extremely unusual hardship". 8 U.S.C. § 1229b(b)(1)(d). In *Matter of Andazola-Rivas*, 23 I. & N. Dec. 319, 324 (B.I.A. 2002), the BIA explained that, although an applicant's status as an unmarried mother with asthma would put her at a disadvantage in Mexico, this "common" fact pattern did not satisfy the exceptional-and-extremely-unusual-hardship standard, noting "almost every case will present some particular hardship". Like the applicant in *Matter of Andazola-Rivas*, Garcia's wife's hardships do not constitute extreme hardship warranting cancellation.

As for Garcia's due-process claim, an order of removal will be found wanting on due-process grounds if petitioner establishes his deportation proceedings were fundamentally unfair, constituting a denial of "the opportunity to be heard or present evidence". *Toscano-Gil v. Trominski*, 210 F.3d 470, 474 (5th Cir. 2000) (noting petitioner given requisite opportunity). But, "discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection". *Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006) (citations omitted) (holding petitioner failed to raise due-process claim). Accordingly, the BIA's denial of Garcia's request for discretionary relief from removal "does not rise to the level of a constitutional violation". *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017) (quoting *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006)) (same).

DISMISSED in part; DENIED in part.